1  Gregg A. Rapoport (State Bar No. 136941)
   Business Legal Partners, Attorneys at Law, Law Corp.
2  135 W. Green Street, Suite 100
   Pasadena, CA 91105
3  Tel.  626-356-8080 or 626-585-0155
   Fax.  626-585-0355
4
   Paul Overhauser (Admitted *pro hac vice*)
5  Overhauser Law Offices, LLC
   737 Green Meadows Dr., Ste. 300
6  Greenfield, IN  46140
   Tel.  317-891-1500
7  Fax.  866-283-8549

8  Attorneys for Plaintiff
   JAY-Y ENTERPRISE CO., INC.

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

| JAY-Y ENTERPRISE CO., INC., | Case No. CV08-07600 FMC(RZx) |
|---|---|
| Plaintiff, | **SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, PATENT INFRINGEMENT, AND RELATED CLAIMS** |
| v. | |
| TIME PLAZA, INC., AAB ENTERPRISE, INC., TRIO BROTHERS TRADING USA, INC., SOUTH BAY TRADING, INC., SA TRADING, INC., WWW.SUNSHARKEYEWEAR.COM, MICHAEL QIN, and DOES 1-10, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff JAY-Y ENTERPRISE CO., INC. brings this Complaint against Defendants TIME PLAZA, INC., AAB ENTERPRISE, INC., TRIO BROTHERS TRADING USA, INC., SOUTH BAY TRADING, INC., SA TRADING, INC., WWW.SUNSHARKEYEWEAR.COM, and MICHAEL QIN (collectively, "Defendants"), to halt Defendants' ongoing infringement of Plaintiff's valuable trademark and patent rights.  In support of its Complaint, Plaintiff alleges:

1

2

<u>Parties, Jurisdiction and Venue</u>

3       1.      Plaintiff is a California corporation with its principal place of business

4 within this district, located at 632 New York Dr., Pomona, California 91768.

5 Plaintiff is primarily in the business of designing, developing, marketing,

6 distributing and selling sunglasses.

7       2.      On information and belief, Defendant TIME PLAZA, INC. ("Time

8 Plaza") is a California corporation with its principal place of business within this

9 district, located at 9329 Klingerman Street, South El Monte, California 91733.

10      3.      On information and belief, Defendant AAB ENTERPRISE CO., INC.

11 ("AAB Enterprise") is a California corporation with its principal place of business

12 within this district, located at 350 S. Los Angeles St., Los Angeles, CA  90013.

13      4.      On information and belief, Defendant TRIO BROTHERS TRADING

14 USA, INC. ("Trio Brothers Trading") is a now-dissolved California corporation

15 with its principal place of business within this district, located at 605 S Milliken

16 Avenue Suite E, Ontario, California 91761.  Trio Brothers Trading was operating

17 at all times relevant herein and, on information and belief, was dissolved by

18 affirmative action of the corporation pursuant to a Certificate of Dissolution dated

19 June 19, 2008 in an attempt to shield itself and its shareholders from liability for its

20 wrongful conduct.  On information and belief, at all times relevant herein, the

21 Chief Executive Officer, Secretary, Chief Financial Officer, sole director, and

22 registered agent of Trio Brothers Trading was defendant Michael Qin.

23      5.      This Complaint is brought against Trio Brothers Trading pursuant to

24 Cal. Corp. Code section 2011which authorizes this court to enforce causes of

25 action against a dissolved corporation, whether arising before or after the

26 dissolution of the corporation, to the extent of its undistributed assets, including,

27 without limitation, insurance assets held by the corporation that may be available

28 to satisfy claims.  This Complaint is further brought against the unidentified

shareholders of Trio Brothers Trading, sued in the corporate name pursuant to Cal. Corp. Code section 2011(a)(3), and as DOES 1-10.

6.     On information and belief, Defendant SOUTH BAY TRADING INC. ("South Bay Trading") is a California corporation with its principal place of business within this district, located at the same address as Trio Brothers Trading, namely, 605 S Milliken Avenue Suite E, Ontario, California 91761.  On information and belief, at all times relevant herein, the Chief Executive Officer, Secretary, Chief Financial Officer, sole director, and registered agent of South Bay Trading is defendant Michael Qin.

7.     On information and belief, Defendant SA TRADING, INC. ("SA Trading") is a California corporation with its principal place of business within this district, located at 1523 Big Sur Lane, West Covina, California 91791.  On information and belief, at all times relevant herein, the Chief Executive Officer, Secretary, Chief Financial Officer, sole director, and registered agent of SA Trading is defendant Michael Qin.  On information and belief, SA Trading imported sunglasses from China in late June 2008, shortly after Trio Brothers Trading was dissolved.

8.     On information and belief, Defendant WWW.SUNSHARKEYEWEAR.COM ("Sun Shark Eyewear") is an unincorporated business operating within this district, located at the same address as Trio Brothers and South Bay Trading, namely, 605 S Milliken Avenue Suite E, Ontario, California 91761.  The www.sunsharkeyewear.com domain name is registered to both Trio Brothers Trading and Defendant Michael Qin.  The Sun Shark Eyewear web site home page prominently bears the word "Trio" above a drawing of sunglasses and states in smaller type at the bottom of the page "powered by: Trio Eyewear."

9.     On information and belief, Defendant MICHAEL QIN is an individual residing within this district and doing business within this district at 605

S Milliken Avenue Suite E, Ontario, California 91761 and at 1523 Big Sur Lane, West Covina, California 91791.

10.     On information and belief, Sun Shark Eyewear was owned and operated by Trio Brothers Trading until Trio Brothers Trading was dissolved.  On information and belief, Sun Shark Eyewear is now owned and operated by one or more of the following:  Michael Qin, South Bay Trading, or SA Trading.

11.     On information and belief, the business that Trio Brothers Trading engaged in prior to its dissolution is now being carried on by one or more of the following successor entities or individuals:  South Bay Trading, SA Trading, Sun Shark Eyewear and Michael Qin.   On information and belief, Trio Brothers Trading, South Bay Trading, SA Trading, and Sun Shark Eyewear are all alter egos of Michael Qin and of one another.

12.     On information and belief each of the defendants Trio Brothers Trading, South Bay Trading, SA Trading, Sun Shark Eyewear and Michael Qin (collectively referred to herein as "Qin Defendants") have acted and are acting in concert with each other to directly commit or to assist each other to commit the wrongful activities alleged herein.

13.     On information and belief, there has existed a unity of interest and ownership between and among the Qin Defendants such that any individuality and separateness between and among the Qin Defendants has ceased, and such that each is the alter ego of the others; in that:

A.     Each of the Qin Defendants has at certain relevant times completely controlled, led, dominated, managed and operated each of the other Qin Defendants, and has intermingled his, her or its own assets with those of the other Qin Defendants to suit his, her or its convenience.

B.     Each of the Qin Defendants has used assets of each of the other Qin Defendants for his, her or its own use, and has caused or will cause the assets

1   of each of the other Qin Defendants to be transferred to him, her or it without

2   adequate consideration.

3           C.     Each of the Qin Defendants is, and at all times herein

4   mentioned was, a mere shell, instrumentality, and conduit through which the other

5   Qin Defendants each has carried on its businesses, exercising complete control and

6   dominance of the Qin Defendants to such an extent that any individuality or

7   separateness of the defendants does not, and at all times herein mentioned did not,

8   exist.

9           D.     Each of the Qin Defendants is, and at certain relevant times

10   was, a mere shell and sham without sufficient capital or assets, or that its

11   capitalization was trifling, compared with the business to be done and the risks of

12   loss attendant thereto.

13           E.     Each of the Qin Defendants was intended, and was used by

14   each of the other Qin Defendants as a device to avoid the imposition of liability,

15   and for the purpose of substituting a financially insolvent company in his, her, or

16   its place.

17           F.     Adherence to the fiction of the separate existence of each of the

18   Qin Defendants as a distinct entity would permit an abuse of the corporate

19   privilege and would sanction fraud and promote injustice in that certain of the Qin

20   Defendants have distributed or will distribute a substantial portion of their assets to

21   certain other Qin Defendants without adequate consideration, all for the purpose of

22   avoiding and preventing attachment and execution by creditors of each of the Qin

23   Defendants, including Plaintiff, thereby rendering each of the Qin Defendants

24   insolvent and unable to meet its obligations.

25        14.    Plaintiff is ignorant of the true names and capacities of the Defendants

26   sued herein as Does 1 to 10, and therefore sue these Defendants by their fictitious

27   names.  On information and belief, DOES 1-10 (the "Trio Shareholders") are the

28   individuals or entities that owned the shares of Trio Brothers Trading at the time of

**SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, PATENT INFRINGEMENT,
AND RELATED CLAIMS; DEMAND FOR JURY TRIAL**

its dissolution and/or are managing agents of Trio Brothers Trading with direct involvement in the conduct alleged.  Plaintiffs will amend this Complaint to allege the true names and capacities of Does 1 to 10 when ascertained.

15.     This Complaint is brought against the Trio Shareholders pursuant to Cal. Corp. Code section 2011, which provides in pertinent part that, if assets of a dissolved corporation have been distributed to the shareholders, a cause of action against the corporation arising either before or after the dissolution may be enforced against the shareholders to the extent of their pro rata share of the claim or to the extent of the corporate assets distributed to them on dissolution, whichever is less.

16.     On information and belief, at all times relevant herein, each Defendant was the agent, servant, employee, principal, successor, alter ego, and/or partner of each other Defendant, acting within the course and scope of such capacities and with the permission and consent of each other in doing the acts and engaging in the conduct alleged herein.  Wherever in this pleading reference is made to any act of a Defendant, such allegation shall be deemed to mean the acts of the Defendants named in that particular cause of action, and each of them, acting individually, jointly and severally.

17.     This Complaint arises under the Lanham Act, 15 U.S.C. § 1051, et. seq., the United States Patent Act, 35 U.S.C. § 1, et. seq., California Business and Professions Code Sections 14200 et. seq., and under the common law.  This Court has jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).  Jurisdiction over Plaintiff's state law claims and common law unfair competition claim lies under 28 U.S.C. §§ 1338(b) and 1367(a).

18.     Venue is proper under 28 U.S.C. § 1391(b).

**SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, PATENT INFRINGEMENT, AND RELATED CLAIMS; DEMAND FOR JURY TRIAL**

<u>Plaintiff's Trademark and Patent Rights</u>

19.     Plaintiff first adopted and began using the LOCS mark no later than September 1, 2005.  Plaintiff has used the LOCS mark as a trademark in connection with sunglasses continuously since then.

20.     Plaintiff applied for United States Trademark Registration No. 3,418,299 for the LOCS mark on January 26, 2006.  United States Trademark Registration No. 3,418,299 for the LOCS mark issued to Plaintiff on April 29, 2008.  A copy of this registration is attached as Exhibit A.

21.     Plaintiff is the owner of United States Patent Registration No. D545,348 for a sunglasses design.  A copy of this registration is attached as Exhibit B.

<u>Defendant Time Plaza's Wrongful Conduct</u>

22.     On information and belief, Defendant Time Plaza began using the LOCS mark in connection with sunglasses on February 1, 2007, seventeen (17) months after Plaintiff began selling sunglasses bearing the LOCS mark and more than a year after Plaintiff applied for United States Trademark Registration No. 3,418,299 for the LOCS mark.  Defendant Time Plaza is not, and never has been, authorized by Plaintiff to use the LOCS mark.

23.     On information and belief, Defendant Time Plaza applied for California State Trademark Registration No. 0112431 for the LOCS mark for "sunglasses and eye-glasses" on February 27, 2007.  A copy of this registration is attached as Exhibit C.

24.     On information and belief, Defendant Time Plaza had actual knowledge of Plaintiff's use of the LOCS mark in connection with sunglasses at the time Defendant adopted and began using the LOCS mark.

25.     On information and belief, Defendant Time Plaza applied for and registered California State Trademark Registration No. 0112431 for the LOCS mark in violation of the Model State Trademark Law as adopted in California.

26.     On information and belief, Defendant Time Plaza procured California State Trademark Registration No. 0112431 for the LOCS mark by declaring that to its "best knowledge and belief no other person firm, corporation, union or association has the right to use said mark in this state, either in identical form or in such near resemblance thereto as might be calculated to deceive or confuse" knowing such that declaration was false and fraudulent.

27.     Defendant Time Plaza's use of the LOCS mark in connection with sunglasses is likely to cause confusion or mistake or to deceive the consuming public into believing that Defendant Time Plaza is affiliated, connected, sponsored, approved, or otherwise associated with Plaintiff.

28.     On information and belief, Defendant Time Plaza began selling sunglasses that fall within the scope of Plaintiff's United States Patent Registration No. D545,348 after Plaintiff obtained United States Patent Registration No. D545,348.  Defendant Time Plaza is not, and never has been, authorized by Plaintiff to sell sunglasses that fall within the scope of United States Patent Registration No. D545,348.

29.     Plaintiff requested in several letters and conversations since April 2008 that Defendant Time Plaza cease using the LOCS mark, assign California State Trademark Registration No. 0112431 to Plaintiff, and cease selling sunglasses that fall within the scope of Plaintiff's United States Patent Registration No. D545,348.  Defendant Time Plaza has refused to comply with Plaintiff's requests.

<u>Defendant AAB Enterprise's Wrongful Conduct</u>

30.     On information and belief, on or around March 16, 2009 Defendant AAB Enterprise attempted to import twenty-one-thousand sunglasses bearing the LOCS mark.  In May, 2009 Plaintiff received the notice that such shipment was seized by U.S. Customs and Border Protection.

**SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, PATENT INFRINGEMENT, AND RELATED CLAIMS; DEMAND FOR JURY TRIAL**

31.     On information and belief, Defendant AAB Enterprise intended to distribute and sell, either at retail or wholesale, the sunglasses seized in March 2009 bearing the LOCS mark.  On information and belief Defendant AAB Enterprise has imported, distributed and sold in the past, and unless enjoined will continue to import, distribute and sell, sunglasses bearing the LOCS mark. Defendant AAB Enterprise is not, and never has been, authorized by Plaintiff to use the LOCS mark.

32.     On information and belief, Defendant AAB Enterprise had actual and constructive knowledge of Plaintiff's use and registration of the LOCS mark in connection with sunglasses at the time Defendant AAB Enterprise began importing, distributing and selling sunglasses bearing the LOCS mark.

33.     Defendant AAB Enterprise's use of the LOCS mark in connection with sunglasses is likely to cause confusion or mistake or to deceive the consuming public into believing that Defendant AAB Enterprise is affiliated, connected, sponsored, approved, or otherwise associated with Plaintiff.

The Qin Defendants' Wrongful Conduct

34.     On information and belief, the Qin Defendants began using the LOCS mark in connection with sunglasses after Plaintiff began selling sunglasses bearing the LOCS mark.  The Qin Defendants are not, and never have been, authorized by Plaintiff to use the LOCS mark.

35.     On information and belief, the Qin Defendants had actual knowledge of Plaintiff's use of the LOCS mark in connection with sunglasses at the time the Qin Defendants adopted and began using the LOCS mark.

36.     The Qin Defendants' use of the LOCS mark in connection with sunglasses is likely to cause confusion or mistake or to deceive the consuming public into believing that the Qin Defendants are affiliated, connected, sponsored, approved, or otherwise associated with Plaintiff.

37.     On information and belief, the Qin Defendants began selling sunglasses that fall within the scope of Plaintiff's United States Patent Registration No. D545,348 after Plaintiff obtained United States Patent Registration No. D545,348.  The Qin Defendants are not, and never have been, authorized by Plaintiff to sell sunglasses that fall within the scope of United States Patent Registration No. D545,348.

38.     Plaintiff requested in several letters and conversations since April 2008 that Defendant Trio Brothers Trading cease using the LOCS mark and cease selling sunglasses that fall within the scope of Plaintiff's United States Patent Registration No. D545,348.  Defendant Trio Brothers Trading has refused to comply with Plaintiff's requests.

<u>Plaintiff's Harm from Defendants' Wrongful Conduct</u>

39.     As a result of the aforesaid acts of Defendant Time Plaza and the Qin Defendants, Plaintiff has suffered and continues to suffer substantial damages and irreparable injury.

40.     Plaintiff has no adequate remedy at law and, unless Defendant Time Plaza and the Qin Defendants are restrained and enjoined by this Court, said acts will continue to cause damage and irreparable injury to Plaintiff and to its goodwill and business reputation.

41.     Plaintiff cannot ascertain the precise amount of its damages at this time.

**<u>FIRST CLAIM FOR RELIEF</u>**
FEDERAL TRADEMARK INFRINGEMENT
IN VIOLATION OF § 32 OF THE LANHAM ACT
(Against All Defendants)

42.     Plaintiff repeats and realleges Paragraphs 1 to 41.

43.     Defendants' activities, as alleged above, constitute intentional and willful infringement of Plaintiff's rights in and to its federally registered LOCS mark, in violation of Lanham Act § 32, 15 U.S.C. § 1114.

-10-

1

**SECOND CLAIM FOR RELIEF**
FALSE DESIGNATION OF ORIGIN
IN VIOLATION OF § 43(a) OF THE LANHAM ACT
(Against All Defendants)

2

3

4       44.     Plaintiff repeats and realleges Paragraphs 1 to 41.

5       45.     Defendants' activities, as alleged above, constitute unfair competition

6   and false designation of origin in violation of Lanham Act § 43(a), 15 U.S.C.

7   § 1125(a).

8

**THIRD CLAIM FOR RELIEF**
IMPROPER REGISTRATION
IN VIOLATION OF MODEL STATE TRADEMARK LAW
(Against Defendant Time Plaza, Inc.)

9

10

11      46.     Plaintiff repeats and realleges Paragraphs 1 to 41.

12      47.     Defendant Time Plaza improperly and fraudulently obtained

13  California State Trademark Registration No. 0112431 in violation of Article 2

14  Section 14205(f) of the Model State Trademark Law, as adopted in California (Bus

15  & Prof. Code § 14205(f)).

16      48.     Based on the foregoing, Defendant is liable to pay all damages

17  sustained as a consequence of the filing or registration, pursuant to Section 14240

18  of the Model State Trademark Law, as adopted in California (Bus & Prof. Code

19  § 14240).

20      49.     Based on the foregoing, Plaintiff is entitled to an order canceling

21  Defendant's registration, pursuant to Section 14254 of the Model State Trademark

22  Law, as adopted in California (Bus & Prof. Code § 14254).

23

**FOURTH CLAIM FOR RELIEF**
COMMON LAW UNFAIR COMPETITION
(Against All Defendants)

24

25      50.     Plaintiff repeats and realleges Paragraphs 1 to 41.

26      51.     Defendant Time Plaza's and the Qin Defendants' activities, as alleged

27  above, constitute unfair competition in violation of the common law.

28

52.     Based on the foregoing, Plaintiff is entitled to an order enjoining Defendants from continuing to commit the wrongful conduct alleged.

## FIFTH CLAIM FOR RELIEF

PATENT INFRINGEMENT
IN VIOLATION OF § 271 OF THE U.S. PATENT ACT
(Against All Defendants except AAB Enterprise, Inc.)

53.     Plaintiff repeats and realleges Paragraphs 1 to 36.

54.     Defendant Time Plaza's and the Qin Defendants' activities, as alleged above, constitute patent infringement in violation of the United States Patent Act, 35 U.S.C. § 271.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order:

(A)     Enjoining Defendant Time Plaza, Defendant AAB Enterprise and the Qin Defendants and each of their servants, employees, agents, representatives, affiliates and all persons acting on behalf or at the direction of, or in concert or participation with, each of them from:

(i)     Using any trademark, service mark, or trade name incorporating the LOCS mark, or which is confusingly similar to the LOCS mark;

(ii)     Representing in any manner that any of Defendants' goods or services are affiliated, connected, sponsored, approved or otherwise associated with Plaintiff, or vice versa; and

(iii)     Taking any other action likely to cause confusion, mistake or deception as to the source or origin of Defendants' goods or services or of Plaintiff's goods or services.

(B)     Enjoining Defendant Time Plaza and the Qin Defendants and each of their servants, employees, agents, representatives, affiliates and all persons acting on behalf or at the direction of, or in concert or participation with, each of them from infringing United States Patent No. D545,348.

-12-

(C)   Directing Defendant Time Plaza, Defendant AAB Enterprise and each Qin Defendant to file with the Court and serve on Plaintiff within thirty days after entry and service on Defendant of such injunction a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(D)   Requiring Defendant Time Plaza, Defendant AAB Enterprise and the Qin Defendants to deliver up to Plaintiff for destruction all labels, signs, prints, business cards, forms, packages, wrappers and all advertising or promotional material in the possession, custody, or control of Defendants bearing the LOCS mark or any other name or mark which is confusingly similar to the LOCS mark, as well as all plates, molds, matrices, and other means of making the same;

(E)   Canceling California State Trademark Registration No. 0112431;

(F)   Requiring Defendant Time Plaza and the Qin Defendants to deliver up to Plaintiff for destruction all products infringing United States Patent No. D545,348 and all advertising or promotional material for such products in the possession, custody, or control of Defendants, as well as all plates, molds, matrices, and other means of making the same;

(G)   Awarding Plaintiff compensatory damages for its losses and an accounting of Defendant Time Plaza's, Defendant AAB Enterprise's and the Qin Defendants' profits from its acts of infringement and unfair competition, including interest thereon, and trebling such award of profits and damages because of the deliberateness and willfulness of Defendants' acts;

(H)   Requiring Defendant Time Plaza, Defendant AAB Entprise and the Qin Defendants to pay Plaintiff's reasonable costs and attorneys' fees incurred in this action;

1          (I)     With respect to the dissolved corporation Trio Brothers

2    Trading, enforcing the judgment of this Court to the extent of Trio Brothers

3    Trading's undistributed assets, including, without limitation, insurance

4    assets held by Trio Brothers Trading that may be available to satisfy claims;

5          (J)     With respect to the dissolved corporation Trio Brothers

6    Trading, enforcing the judgment of this Court against each of the Trio

7    Shareholders to the extent of their pro rata share of the claim or to the extent

8    of the corporate assets distributed to them on dissolution, whichever is less;

9    and

10         (K)    Awarding Plaintiff such other and further relief as this Court

11   deems just and proper.

12   Respectfully Submitted,

13   Dated: May 26, 2009

14

15                       OVERHAUSER LAW OFFICES, LLC

16                       By:  s/Paul B. Overhauser_____

17                           Paul B. Overhauser, Esq.

18                       Gregg A. Rapoport

19                       BUSINESS LEGAL PARTNERS,

20                       Attorneys at Law, Law Corp.

21                       Attorneys for Plaintiff

22                       JAY-Y ENTERPRISE CO., INC.

23

24

25

26

27

28

**SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, PATENT INFRINGEMENT,**
**AND RELATED CLAIMS; DEMAND FOR JURY TRIAL**

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial.

Dated: May 26, 2009

OVERHAUSER LAW OFFICES, LLC

By: _s/Paul B. Overhauser_____
Paul B. Overhauser, Esq.

Gregg A. Rapoport
BUSINESS LEGAL PARTNERS,
Attorneys at Law, Law Corp.

Attorneys for Plaintiff
JAY-Y ENTERPRISE CO., INC.

| Exhibit A | Plaintiff's US Trademark Reg. No. 3,418,299 for LOCS |
| Exhibit B | Plaintiff's US Design Patent Reg. No. D545,348 for eyeglasses |
| Exhibit C | Defendant Time Plaza's California Trademark Reg. No. 0112431 for LOCS |

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

**United States Patent and Trademark Office**
Reg. No. 3,418,299
Registered Apr. 29, 2008

## TRADEMARK
### PRINCIPAL REGISTER



JAY-Y ENTERPRISE CO., INC. (CALIFORNIA CORPORATION)
632 NEW YORK DRIVE
POMONA, CA 91768

FOR: SUNGLASSES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 9-1-2005; IN COMMERCE 9-1-2005.

THE MARK CONSISTS OF THE LETTERS L, O, C, AND S IN SPECIAL STYLIZED FONT.

SER. NO. 78-800,219, FILED 1-26-2006.

JOHN WILKE, EXAMINING ATTORNEY

Exhibit A



US00D545348S

(12) **United States Design Patent**

Chen

(10) Patent No.: **US D545,348 S**

(45) Date of Patent: ** Jun. 26, 2007

(54) **EYEGLASSES**

(75) Inventor: Ward Chen, Pomona, CA (US)

(73) Assignee: Jay-Y Enterprises, Inc., Pomona, CA (US)

(**) Term: 14 Years

(21) Appl. No.: 29/248,345

(22) Filed: Aug. 11, 2006

(51) LOC (8) Cl. .................................................. 16-06

(52) U.S. Cl. ........................................................ D16/326

(58) Field of Classification Search ....... D16/300–330, D16/101, 332–338; D29/109–110; D24/110.2; 351/41, 44, 51–52, 62, 158, 92, 103–111, 351/156, 61, 114–119, 121–123; 2/426–432, 2/447–449, 441, 436, 434–437

See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 836,796 A | 11/1906 | Anderson | |
| 1,338,880 A | 5/1920 | Stevens | |
| RE17,994 E | 3/1931 | Emons | |
| 2,031,771 A | 2/1936 | Grier | |
| D116,259 S | 8/1939 | Cook | |
| D145,288 S | 7/1946 | De Ciceo | |
| D146,538 S | 4/1947 | Gagnon | |
| 2,482,664 A | 9/1949 | Gagnon | |
| 2,511,329 A | 6/1950 | Craig | |
| 2,561,402 A | 7/1951 | Nelson | |
| D167,704 S | 9/1952 | McCardell | |
| D168,903 S | 2/1953 | Neary | |
| D169,724 S | 6/1953 | Bauer | |
| 2,761,353 A | 9/1956 | Eustic | |
| D187,299 S | 2/1960 | Belir | |
| 2,949,638 A | 8/1960 | Butler | |
| D189,436 S | 12/1960 | Carmichael | |
| D192,884 S | 5/1962 | Petitto | |
| D192,885 S * | 5/1962 | Petitto | D16/329 |
| D193,028 S | 6/1962 | Petitto | |
| D198,719 S | 7/1964 | McCulloch | |

| | | | |
|---|---|---|---|
| D198,939 S | 8/1964 | Huggins | |
| D199,150 S | 9/1964 | Carmichael | |
| 3,155,982 A | 11/1964 | Baratelli | |
| 3,156,756 A | 11/1964 | Seaver | |
| D202,129 S | 8/1965 | Marchi | |
| D202,130 S | 8/1965 | Mitchell | |
| D204,417 S | 4/1966 | Shindler | |
| D204,418 S | 4/1966 | Ramp | |
| D204,496 S | 4/1966 | McCulloch | |
| D204,812 S | 5/1966 | Shindler | |
| D205,093 S | 6/1966 | Gabotiault | |
| D205,419 S | 8/1966 | Griss | |
| D209,095 S | 10/1967 | Ramp | |
| D209,862 S | 1/1968 | McCracken | |
| D210,418 S * | 3/1968 | Bloch | D16/326 |
| D210,625 S | 3/1968 | Pollak | |
| D214,292 S | 5/1969 | Mitchell | |
| 3,526,449 A | 9/1970 | Bolle et al. | |
| 3,531,189 A | 9/1970 | Petito | |
| 3,552,840 A | 1/1971 | Braget | |
| 3,684,356 A | 8/1972 | Bates | |
| 3,741,635 A | 6/1973 | Wortman | |
| D228,026 S | 7/1973 | Shindler | |
| 4,074,932 A | 2/1978 | Thill | |

(Continued)

*Primary Examiner*—Raphael Barkai
(74) *Attorney, Agent, or Firm*—Overhauser Law Offices, LLC; Paul B. Overhauser; Dennis S. Schell

(57) **CLAIM**

I claim the ornamental design of the eyeglasses, as shown.

**DESCRIPTION**

FIG. 1 is a perspective view of the eyeglasses.

FIG. 2 is a front view of the eyeglasses.

FIG. 3 is a top view of the eyeglasses.

FIG. 4 is a side view of the eyeglasses; and,

FIG. 5 is a side view of the eyeglasses.

**1 Claim, 3 Drawing Sheets**





Exhibit B

## US D545,348 S

Page 2

### U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| 4,240,718 A | 12/1980 | Wichers |
| D268,683 S | 4/1983 | Tenny |
| 4,563,066 A | 1/1986 | Bononi |
| 4,662,729 A | 5/1987 | Dobson |
| 4,732,465 A | 3/1988 | Field |
| 4,786,158 A | 11/1988 | Barfus-Shanks |
| D300,226 S | 3/1989 | Ramp |
| D320,402 S | 10/1991 | Jannard |
| D322,975 S | 1/1992 | Bolle |
| D323,516 S | 1/1992 | Mikitarian |
| D324,394 S | 3/1992 | Jannard |
| 5,137,342 A | 8/1992 | Jannard et al. |
| D339,816 S | 9/1993 | Jackson |
| D342,534 S | 12/1993 | Jannard et al. |
| D347,014 S | 5/1994 | Arnette |
| D354,501 S | 1/1995 | Arnette |
| 5,459,533 A | 10/1995 | McCooeye |
| D365,591 S | 12/1995 | Jannard et al. |
| D366,667 S | 1/1996 | Arnette |
| D366,890 S | 2/1996 | Arnette |
| D366,891 S | 2/1996 | Arnette |
| D366,892 S | 2/1996 | Arnette |
| D368,732 S | 4/1996 | Lei |
| D369,375 S | 4/1996 | Jannard et al. |
| D369,614 S | 5/1996 | Fukuchi |
| D371,383 S | 7/1996 | Goldman |
| 5,541,674 A | 7/1996 | Jannard et al. |
| D372,726 S | 8/1996 | Simioni |
| D373,781 S | 9/1996 | Simioni et al. |
| D376,381 S | 12/1996 | Jannard |
| D376,810 S | 12/1996 | Ohie |
| D378,375 S | 3/1997 | Tsai |
| D378,376 S | 3/1997 | Tsai |
| 5,610,668 A | 3/1997 | Mage |
| D379,633 S | 6/1997 | Garneau |
| 5,638,145 A | 6/1997 | Jannard et al. |
| D380,766 S | 7/1997 | Simioni |
| 5,648,832 A | 7/1997 | Houston et al. |
| D384,363 S | 9/1997 | Park |
| D384,686 S | 10/1997 | Jannard et al. |
| D385,291 S | 10/1997 | Jannard et al. |
| D387,794 S | 12/1997 | Mage |
| D388,816 S | 1/1998 | Jannard |
| D389,504 S | 1/1998 | Simioni |
| D390,589 S | 2/1998 | Simioni |
| D391,596 S | 3/1998 | Simioni |
| D392,308 S | 3/1998 | Simioni |
| 5,760,868 A | 6/1998 | Jannard et al. |
| D397,350 S | 8/1998 | Jannard et al. |
| D397,351 S | 8/1998 | Simioni |
| D398,021 S | 9/1998 | Bolle |
| D398,022 S | 9/1998 | Jannard |
| D399,236 S | 10/1998 | Khalifa |
| D399,238 S | 10/1998 | Simioni |
| D399,239 S | 10/1998 | Jannard et al. |
| D399,243 S | 10/1998 | Jannard et al. |
| D400,230 S | 10/1998 | Arnette |
| 5,818,567 A | 10/1998 | Sakai |
| D400,908 S | 11/1998 | Arnette |
| D402,304 S | 12/1998 | Jannard et al. |
| D403,692 S | 1/1999 | Arnette |
| D405,816 S | 2/1999 | Cretin-Billet |
| D407,428 S | 3/1999 | Jannard et al. |
| D408,048 S | 4/1999 | Jannard et al. |
| D410,484 S | 6/1999 | Jannard et al. |
| D415,188 S | 10/1999 | Thixton |
| D420,035 S * | 2/2000 | Hartman .................. D16/325 |
| D420,036 S | 2/2000 | Yee |
| D420,037 S | 2/2000 | Conway |
| D421,765 S | 3/2000 | Hsu |
| D422,299 S | 4/2000 | Jannard et al. |
| D423,034 S | 4/2000 | Arnette |
| D423,548 S | 4/2000 | Yee et al. |
| D425,103 S | 5/2000 | Yee et al. |
| D426,258 S | 6/2000 | Jannard et al. |
| D426,568 S | 6/2000 | Conway |
| D432,157 S | 10/2000 | Simioni |
| 6,132,041 A | 10/2000 | Lin |
| 6,196,681 B1 | 3/2001 | Canavan |
| D441,390 S | 5/2001 | Jannard et al. |
| D445,442 S | 7/2001 | Lee |
| D446,803 S | 8/2001 | Jannard |
| D447,505 S | 9/2001 | Lane |
| D447,506 S | 9/2001 | Lane |
| D447,764 S | 9/2001 | Chen |
| D448,398 S | 9/2001 | Lane |
| D451,534 S | 12/2001 | Chiou |
| D453,783 S | 2/2002 | Ho |
| D454,580 S | 3/2002 | Wolfe |
| D456,441 S | 4/2002 | Jannard |
| D456,833 S | 5/2002 | Chen |
| D457,182 S | 5/2002 | Rask |
| D464,669 S | 10/2002 | Thixton et al. |
| D472,915 S | 4/2003 | Rohrbach |
| D474,222 S | 5/2003 | Chen |
| D474,223 S | 5/2003 | Chen |
| D474,224 S | 5/2003 | Chen |
| D475,393 S | 6/2003 | Lee |
| D476,354 S | 6/2003 | Chen |
| D477,834 S | 7/2003 | Sheldon |
| D478,928 S | 8/2003 | Sheldon |
| D483,392 S | 12/2003 | Chen |
| D483,393 S | 12/2003 | Chen |
| D488,499 S * | 4/2004 | Mage .................. D16/326 |
| 6,736,503 B1 | 5/2004 | Chen |
| D496,680 S | 9/2004 | Yee |
| D500,781 S * | 1/2005 | Mage .................. D16/326 |
| D532,033 S * | 11/2006 | Mangum .................. D16/326 |
| D534,573 S * | 1/2007 | Mage .................. D16/326 |

* cited by examiner



Fig. 1



Fig. 2

Case 2:08-cv-07606-MCR-RZ Document 36 Filed 06/09/09 Page 20 of 25 Page ID #:276



Fig.3

Case 2:08-cv-07076-JHC-RZ Document 36 Filed 06/16/09 Page 22 of 25 Page ID #:277



Fig. 4



Fig. 5



# State of California
## Secretary of State

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That the attached transcript of __3__ page(s) was prepared by and in this office from the record on file, of which it purports to be a copy, and that it is full, true and correct.



IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this day of

**JUL 10 2008**

DEBRA BOWEN
Secretary of State

Exhibit C



# State of California
# Secretary of State

## REGISTRATION OF TRADEMARK OR SERVICE MARK

Pursuant to Business and Professions Code Section 14230

**NOTICE: READ ACCOMPANYING INSTRUCTIONS BEFORE COMPLETING THIS FORM**

REGISTRATION APPLICATION FOR:    [X] **TRADEMARK**    [ ] **SERVICE MARK**

1. APPLICANT NAME

TIME PLAZA, INC.

| 2. STREET ADDRESS (PROVIDE CALIFORNIA BUSINESS ADDRESS IF SERVICE MARK) | 3. CITY AND STATE | 4. ZIP CODE |
|---|---|---|
| 9329 KLINGERMAN ST | SOUTH EL MONTE,  CA | 91733 |

5. BUSINESS STRUCTURE (CHECK ONE)

[ ] LIMITED PARTNERSHIP                    [ ] SOLE PROPRIETOR

[ ] LIMITED LIABILITY COMPANY              [ ] HUSBAND AND WIFE, AS COMMUNITY PROPERTY

[ ] GENERAL PARTNERSHIP                    [ ] OTHER (DESCRIBE) _____

[X] CORPORATION  (STATE OF INCORPORATION)  CA

| 6. NAMES OF THE GENERAL PARTNERS, IF APPLICANT IS A PARTNERSHIP | 7. NAMES OF MEMBER(S) OR MANAGER(S), IF APPLICANT IS A LIMITED LIABILITY COMPANY |
|---|---|

8. NAME AND/OR DESIGN OF MARK. (FOR DESIGN PROVIDE A BRIEF WRITTEN DESCRIPTION THAT CAN BE PICTURED IN THE MIND WITHOUT REFERENCE TO THE SPECIMENS. DO NOT DRAW THE DESIGN ON APPLICATION.)

The Trademark is made up of four hollowed letters: LOCS, and a darkened background.

DISCLAIMER (IF APPLICABLE) NO CLAIM IS MADE TO THE  EXCLUSIVE RIGHT TO USE THE TERM:

| 9. DATE THE MARK WAS FIRST USED IN CALIFORNIA  02/01/2007 | DATE THE MARK WAS FIRST USED ANYWHERE  02/01/2007 |
|---|---|

10. IF A TRADEMARK, LIST SPECIFIC GOODS.  IF A SERVICE MARK, LIST SPECIFIC SERVICE.

Sun-glasses and eye-glasses.

CLASS NUMBER ___21___  (ONE CLASSIFICATION NUMBER ONLY)

**THIS SPACE FOR FILING OFFICER USE**

**TRADE/SERVICE MARK**

REG. NO.  0112431

CLASS NO.  INT. 21

11. RETURN ACKNOWLEDGMENT TO:  (TYPE OR PRINT)

NAME

ADDRESS      JAMES CHEN

CITY         223 E. GARVEY AVE #148

STATE        MONTEREY PARK,  CA 91755

ZIP CODE

**FILED**
in the office of the Secretary of State
of the State of California

FEB 2 7 2007

SEC/STATE LP/TM 101 (REV. 2/97)                 FILING FEE: $70.00

(OVER)

**12. MANNER OF MARK USE.**

CHECK ALL THAT APPLY

**FOR TRADEMARKS ONLY**

- ☐ ON LABELS AND TAGS AFFIXED TO THE GOODS.
- ☐ ON LABELS AND TAGS AFFIXED TO CONTAINERS OF THE GOODS.
- ☒ BY PRINTING IT DIRECTLY ONTO THE GOODS.
- ☐ BY PRINTING IT DIRECTLY ONTO THE CONTAINERS FOR THE GOODS.
- ☐ OTHER_____

**FOR SERVICE MARKS ONLY**

- ☐ ON BUSINESS SIGNS.
- ☐ ON ADVERTISING BROCHURES.
- ☐ ON ADVERTISING LEAFLETS.
- ☐ ON BUSINESS CARDS.
- ☐ ON LETTERHEADS.
- ☐ ON MENUS.
- ☐ OTHER_____

**13. SPECIMENS**

CHECK ONE BOX BELOW. ENCLOSE THREE (3) IDENTICAL ORIGINAL SPECIMENS.

**FOR TRADEMARKS ONLY**

- ☐ ACTUAL LABELS.
- ☐ ACTUAL TAGS.
- ☐ PHOTOGRAPHS OF THE GOODS/CONTAINERS SHOWING THE TRADEMARK.
- ☐ FRONT PANELS OF A PAPER CONTAINER BEARING THE TRADEMARK.
- ☒ OTHER _Enlarged version of the mark_ to be imprinted onto the "legs" of sunglasses and eyeglasses.

**FOR SERVICE MARKS ONLY**

- ☐ BUSINESS CARDS.
- ☐ ADVERTISING BROCHURES.
- ☐ ADVERTISING LEAFLETS.
- ☐ MENUS SHOWING THE MARK.
- ☐ OTHER_____

**14. DECLARATION OF OWNERSHIP**

APPLICANT HEREWITH DECLARES THAT HE/SHE HAS READ THE ABOVE AND FOREGOING APPLICATION AND KNOWS THE CONTENTS THEREOF AND THAT THE FACTS SET OUT HEREIN ARE TRUE AND CORRECT AND THAT THE THREE SPECIMENS OF THE MARK SUBMITTED ARE TRUE AND CORRECT, AND TO HIS/HER BEST KNOWLEDGE AND BELIEF NO OTHER PERSON, FIRM, CORPORATION, UNION OR ASSOCIATION HAS THE RIGHT TO USE SAID MARK IN THIS STATE, EITHER IN IDENTICAL FORM OR IN SUCH NEAR RESEMBLANCE THERETO AS MIGHT BE CALCULATED TO DECEIVE OR CONFUSE.

NAME OF CORPORATION/PARTNERSHIP/LIMITED LIABILITY COMPANY (IF APPLICABLE)

0112431

TIME PLAZA, INC.

| SIGNATURE OF APPLICANT | IF PARTNER, MANAGER OR CORPORATE OFFICER, INCLUDE TITLE |
|---|---|
| *X James Chen* | President |
| TYPE OR PRINT NAME OF APPLICANT | DATE |
| JAMES CHEN | 02/09/2007 |

TYPE OR PRINT THE NAME AND ADDRESS OF THE PERSON OR FIRM TO RECEIVE THE ACKNOWLEDGEMENT OF THE FILING. SEND THE SIGNED APPLICATION WITH ORIGINAL SIGNATURE(S) TO THE SECRETARY OF STATE, TRADEMARK UNIT, P.O. BOX 944225, SACRAMENTO, CA 94244-2250 WITH THE $70.00 FILING FEE.

0112431



